THIS
 OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Altony Brooks, Appellant.
 
 
 
 
 

Appeal From Berkeley County
 Judge Kristi L. Harrington, Circuit Court
Judge

Unpublished Opinion No.  2010-UP-570  
 Submitted December 1, 2010  Filed
December 31, 2010

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Mark R. Farthing, all of
 Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM: Altony
 Brooks appeals his conviction for aiding a suspect's escape from police
 custody, arguing the trial court erred in denying his motion for a directed
 verdict.  We affirm.[1]
"When ruling on a motion
 for a directed verdict, the trial court is concerned with the existence or
 nonexistence of evidence, not its weight." State v. Weston, 367
 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  A reviewing court must uphold the
 denial of a directed verdict where "there is any direct evidence or
 substantial circumstantial evidence reasonably tending to prove the guilt of
 the accused . . . ."  Id. at 292-93, 625 S.E.2d
 at 648.  The reviewing court "views the evidence and all reasonable
 inferences in the light most favorable to the [S]tate."  Id. at
 292, 625 S.E.2d at 648.  
Under section
 16-9-420 of the South Carolina Code (2003), "[w]hoever aids or assists a
 prisoner in escaping or attempting to
 escape from an officer . . . shall be punished by imprisonment
 . . . ."  Generally, "[a] defendant
 may not be convicted of a criminal offense unless the State proves beyond a reasonable
 doubt that he acted with the criminal intent . . . required for a particular
 offense."  State v. Fennell, 340 S.C. 266, 271, 531 S.E.2d 512, 515
 (2000).  "The intent with which an act is done
 denotes a state of mind, and can be proved only by expressions or conduct,
 considered in the light of the given circumstances."  State v. Tuckness,
 257 S.C. 295, 299, 185 S.E.2d 607, 608 (1971).  Whether a defendant
 acted with the requisite criminal intent is ordinarily a question of fact for
 the jury, unless no evidence of criminal intent exists.  Id.
Viewed in the light most
 favorable to the State, the State presented direct and substantial
 circumstantial evidence that Brooks intended to help a suspect escape police
 custody.  While police officers attempted to handcuff the suspect, Brooks accosted
 and pushed the officers, interfering with their attempts to arrest the
 suspect.  The suspect escaped, and one of the officers began to assess how to
 pursue the suspect.  Brooks immediately attacked that officer, punching him
 twice.  Because of Brooks's conduct, the officer was unable to pursue the
 suspect.  Therefore, the State presented direct and substantial circumstantial
 evidence reasonably tending to prove that Brooks intended to help the suspect
 escape police custody.  Accordingly, the trial court properly denied Brooks's
 motion for a directed verdict.
AFFIRMED.
THOMAS, PIEPER, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.